**FORT OSAGE DRAINAGE DISTRICT OF JACKSON COUNTY, Missouri, Respondent,**

v.

**Flossie M. FOLEY, Appellant.**

No. 22863.

Kansas City Court of Appeals.

Missouri.

Dec. 1, 1958.

Rufus Burrus, Independence, for appellant.

Wm. R. Moore, Walter A. Raymond, Kansas City, for respondent.

BROADDUS, Presiding Judge.

Plaintiff brought this action against defendant Flossie M. Foley in the Circuit Court of Jackson County, at Independence, on June 26, 1950, to collect a maintenance tax for the year 1949, in the sum of $439.75, and penalty of 1% per month from December 31, 1949, together with a reasonable attorney's fee to be fixed by the court and costs. This was cause No. 110,789.

Plaintiff filed a new suit on June 28, 1951, against the same defendant, Case No. 112,-042, for a similar tax for the year 1950. The cases were consolidated for trial.

Judgment was rendered July 20, 1956, for plaintiff in the aggregate in Case No. 110,789, including penalties, of $786.16 and $300 attorney's fees.

Judgment was rendered on the same day in Case No. 112,042 for plaintiff in the aggregate, including penalties, of $257.03, and attorney's fees of $200.

After moving unsuccessfully for a new trial, defendant appealed to the Supreme Court. That court held that the cause did not involve the construction of the Constitution of this State, nor the title to real estate, within the meaning of Art. V, Sec. 3 of our Constitution, V.A.M.S. and transferred the same to this court.

Plaintiff's petition alleged in substance that it was a public corporation of Jackson County, Missouri, organized under the Statutes of Missouri, which at the time the petition was filed appeared as Chapter 79, RSMo 1939 (now Chapter 242 RSMo 1949, V.A.M.S.), providing for incorporation by the Circuit Court; that defendant was the owner of various tracts of land within the district; that the Board of supervisors of said district levied a maintenance tax for the year 1949, against certain lands of defendant.

Plaintiff's petition further alleged that a similar suit was brought for a similar tax levied for the year 1950, against the same lands; that the taxes were delinquent and unpaid on the 31st of December of each year, 1949 and 1950; that said taxes bore a penalty of 1% per month or fraction thereof; that the attorney bringing the suit was entitled to an attorney's fee.

The petition prayed for judgment in the sum total of the taxes, plus accrued penalty, together with a reasonable attorney's fee to be fixed by the court, and costs, and that the same be declared a lien against defendant's lands.

Defendant's amended answer to Cause No. 110,789, averred that plaintiff's petition fails to state facts sufficient to constitute a claim upon which relief can be granted in that this plaintiff is not a proper party plaintiff; that if any action could have been prosecuted it should have been in the name of the County Collector of Jackson County, Missouri, under the provisions of the Land Tax Collection Law, Section 141.-210 et seq. RSMo 1949, V.A.M.S.

The same answer was made in Case No. 112,042.

The parties have stipulated that "the only points to be raised on this appeal are (1) the capacity of the respondent to maintain the action, (2) the right to have any attorney's fees allowed and taxed against appellant-defendant, and (3) that if there is any right to allow an attorney's fee, the allowance so made was not reasonable."

■ Appellant's first point, that the action was not brought in the name of the proper party, is wholly without merit. As stated Suit No. 110,789 was filed on June 26, 1950, to collect drainage taxes which became delinquent after December 31, 1949. Suit No. 112,042 was filed on June 28, 1951, to collect drainage taxes which became delinquent after December 31, 1950. Thus both suits were filed *within six months* after the taxes became delinquent. In the fairly recent case of Fort Osage Drainage District of Jackson County v. Jackson County, Mo., 275 S.W.2d 326, 329, our Supreme Court said:

"Plaintiff District had the statutory power to levy the tax in question through District's board of supervisors. Section 242.490 RSMo 1949, V.A.M.S. Actions may be brought, on delinquent district tax bills within six months after delinquency, by a district *in its corporate name* and a judgment rendered for the delinquent taxes and penalty, including costs, and a reasonable attorney's fee to be fixed by the court. Section 242.600 RSMo 1949, V.A.M.S."

■ Appellant's second point is that there could be no attorney's fee allowed to plaintiff's attorney since it was not shown that he was the attorney for the county collector. This contention is answered adversely to appellant by our statute.

Sect. 242.600 RSMo 1949, V.A.M.S., specifically states that: "The suit shall be brought in the corporate name of 'the district *by its attorney* \* \* \*." In the case of Graves v. Little Tarkio Drainage Dist. No. 1, 345 Mo. 557, 134 S.W.2d 70, 76, the court said: "The drainage district law is a code unto itself, and the courts must follow the provisions of the statutes governing such districts." (Citing cases.)

■ Appellant's last contention is that the fees allowed plaintiff's attorney were excessive. It is true that counsel did not detail the work done in support of plaintiff's request for attorney's fees. However, the trial judge studied the petitions which are quite technical and had to be carefully and skillfully drawn. He appreciated the amount of work plaintiff's counsel had to do in preparation for trial in the expectation of a contested trial of the issues. He appreciated the time and skill required in drawing the technical judgment entries in the two cases; and at the time he overruled the motion for a new trial, he knew that plaintiff's counsel would be required to brief and argue these cases on appeal. In the case of Agnew v. Johnson, 352 Mo. 222, 176 S.W.2d 489, 493, 494, our Supreme Court said:

"These comments between the attorneys and the court could be interpreted as an agreement. However, that is not necessary because courts are themselves experts on the question of attorneys' fees and the judge who personally tries a case and is acquainted with all the issues involved is in a position to fix the amount of attorneys' fees without the aid of evidence."

We rule the point against appellant.

The judgments are affirmed.

All concur.